**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO ROJAS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. |
| v. | ) ) ) | Judge: |
| CAREER EDUCATION CORPORATION, a Delaware Corporation. | ) ) ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Sergio Rojas brings this class action complaint against Defendant Career Education Corporation ("CEC") to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1.  In an effort to promote its education services, Defendant, an operator of numerous for-profit colleges and other postsecondary schools, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.  By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but

also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Sergio Rojas is a citizen of Illinois.

6. Defendant CEC is an operator of for-profit secondary and vocational schools such as the International Academy of Design and Technology. It is a Delaware corporation with its principal place of business in Illinois. It does business throughout the United States, including in Illinois and in this judicial district.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

8. The Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227.

9. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events concerning the wireless spam at issue occurred in this district.

## CONDUCT COMPLAINED OF

10. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

12. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

13. Unlike more conventional advertisements, SMS calls, and particularly wireless spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

14. Beginning in 2008 and continuing for weeks if not months thereafter, Defendant and its agents caused mass transmissions of wireless spam to the cell phones of what they hoped were potential customers of Defendant's education services.

15. For instance, on or about August 27, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

16. The "from" field of the transmission was identified cryptically as "21021," which is an abbreviated telephone number known as an SMS short code operated by Defendant's agents. The body of such text message read:

> IMAGINE HAVING A JOB U LUV! CREATIVES DO SO CAN U.
> REPLY WITH "Y" TO LEARN MORE ABOUT THE ACADEMY.
> BY CEC. STD/OTHER CHARGES MAY APPLY. STOP 2 END.

17. Defendant's and its agents' use of an SMS short code enabled Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

18. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendant.

## CLASS ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and a class (the "Class") defined as follows: All persons in the United States and its territories who received one or more unauthorized text message advertisements on behalf of CEC; provided, however, that all persons who have obtained a settlement or payment from CEC in satisfaction of claims arising from the receipt of unauthorized text messages are excluded from this proposed Class.

20. Upon information and belief, there are over 1,000 members of the Class such that joinder of all members is impracticable.

21. Common questions of law and fact exist as to all members of the Class and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class include:

    (a) Does the wireless spam Defendant distributed violate the TCPA?

  (b) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

  (c) Did the conduct described above violate the Class's right to privacy?

22. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the Class, and he has retained counsel competent and experienced in similar class action litigation.

23. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective Class is impracticable, and (b) many members of the Class cannot vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions.

### COUNT I
### (Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class)

24. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25. Defendant made unsolicited commercial text calls to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

26. These text calls were made *en masse* through the use of a short code without the prior express consent of Plaintiff and the Class.

27. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

28.  Defendant's misconduct was willful and knowing, and the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class.

WHEREFORE, Plaintiff Rojas, on behalf of himself and the Class, prays for the following relief:

1.  An order certifying the Class as defined above;
2.  An award of actual and statutory damages;
3.  An award of reasonable attorneys' fees and costs; and
4.  Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

August 20, 2010

Sergio Rojas, individually and on behalf of a class of similarly situated individuals

 /s/ Michael J. McMorrow
One of his attorneys

Michael J. McMorrow
Rafey Balabanian
EDELSON MCGUIRE, LLC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654
Tel.: (312) 589-6470
Fax: (312) 589-6378