**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO ROJAS, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| *Plaintiff*, | ) ) | No. 10-cv-05260 |
| v. | ) ) ) | Judge: Virginia M. Kendall |
| CAREER EDUCATION CORPORATION, a Delaware Corporation. | ) ) ) | |
| *Defendant*. | ) ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff Sergio Rojas and Defendant Career Education Corporation, through their undersigned counsel and pursuant to this Court's standing order, hereby jointly submit this initial status report to the Court. The parties met telephonically to discuss this Report on November 5, 2010 and again on November 9, 2010.

**1.      The attorneys of record for each party including the attorney(s) expected to try the case.**

Plaintiffs:      Michael J. McMorrow (Lead Counsel, Trial Attorney), Ryan D. Andrews, both of Edelson McGuire LLC, 350 N. LaSalle St., Chicago, IL 60654.

Defendant:      Christopher Wilson (Lead Counsel, Trial Attorney), Patrick Collins, both of Perkins Coie, LLC, 131 S. Dearborn Street, Chicago, IL 60603.

**2.      The basis for federal jurisdiction.**

Two independent bases for federal jurisdiction exist. First, federal question jurisdiction exists under 28 U.S.C. § 1331, because the case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Additionally, jurisdiction exists under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as there is minimal diversity between Plaintiffs and Defendant, there are more than 100 members of the purported class, and more than $5,000,000 in controversy.

3.  **The nature of the claims asserted in the complaint and any expected counterclaim.**

The Complaint asserts a single cause of action for violation of the TCPA by the Plaintiff and the putative class. The Defendant does not expect to file any counterclaim. Another putative class action complaint under the TCPA against the Defendant is currently pending in front of Judge James B. Zagel of this Court, entitled *Fahey v. Career Education Corporation*, Case No. 1:10-cv-05635. The attorneys for Plaintiff and Defendant in *Fahey* are the same as in this case, and the issues are nearly identical. It is not known yet whether that case will be related into and consolidated with this case. If that occurs, Plaintiff intends to file a Consolidated Amended Complaint to combine the two actions and to amend the pending Motion for Class Certification accordingly.

4.  **The name of any party not yet served and the circumstances regarding non-service.**

The only Defendant has been served.

5.  **The principal legal issues.**

The principal legal issues are: is certification of the proposed class appropriate; was Defendant's conduct in sending the text messages willful; and are Plaintiff and the Class entitled to statutory damages under the TCPA.

6.  **The principal factual issues.**

The principal factual issues are: Did Defendant or its agents send text messages to a list of wireless telephone numbers of Plaintiff and the other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. Did Plaintiff and the class consent to the receipt of text messages from Defendant.

**7.     Whether a jury trial is expected by either party.**

Plaintiff has requested and expects a jury trial.

**8.     A short description of any discovery undertaken to date and any anticipated in the future.**

No discovery has taken place.  Plaintiff anticipates taking discovery on the issues of the number of messages and the recipients of messages, consent, the use of an automatic telephone dialing system, and Defendant's decision to use text messages as a medium for advertising. Defendant anticipates taking discovery on these issues as well.

The parties are discussing a schedule for discovery, and expect that they will quickly reach agreement on a discovery schedule shortly after it is known whether Fahey will be related into this case.

**9.     The earliest date the parties will be ready for trial and the length of the trial.**

The parties expect that the case will be ready for trial by the end of 2011.

**10.    Whether the parties unanimously consent to proceed before the Magistrate Judge.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**11.    The status of any settlement discussions and whether the parties request a settlement conference.**

No settlement discussions have occurred.  The parties do not request a settlement conference at this time.

| | |
|---|---|
| November 12, 2010 | Respectfully Submitted,<br><br>**SERGIO ROJAS**,<br>individually and on behalf of a class of similarly situated individuals,<br><br>By: /s/ Michael J. McMorrow<br>     One of Plaintiffs' Attorneys |

Michael J. McMorrow
Ryan D. Andrews
Edelson McGuire, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: 312.589.6370
Facsimile: 312.589.6378
mjmcmorrow@edelson.com
randrews@edelson.com

                                      **CAREER EDUCATION CORPORATION**,

                                      By: /s/ Christopher B. Wilson
                                                One of Defendant's Attorneys

Christopher B. Wilson
Patrick M. Collins
Perkins Coie, LLC
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone: 312.324.8603
Facsimile: 312.324.9603
cwilson@perkinscoie.com
pcollins@perkinscoie.com