

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SERGIO ROJAS, individually and on )
behalf of a class of similarly situated individuals, )
)
Plaintiff, ) No. 10-cv-05260
)
v. ) Honorable Virginia M. Kendall
)
CAREER EDUCATION CORPORATION, )
a Delaware Corporation )
)
Defendant. )

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

Upon review and consideration of Plaintiff's Uncontested Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement, the Parties' Class Action Settlement Agreement ("Settlement Agreement"), and the attachments to each that have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard certain interested parties hereby preliminarily approves the Settlement Agreement in its entirety. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and terms and phrases shall have the same meaning as ascribed to them in the Settlement Agreement. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued

litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations between experienced attorneys assisted by Hon. Wayne R. Andersen (Ret.) acting as neutral mediator; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Settlement Class Certification**

2.  Subject to the Settlement Agreement and for settlement purposes only, the Court certifies the Settlement Class as defined in the Settlement Agreement:

> All Persons Nationwide who on August 27, 2008, were sent one of the text messages from short code "21021" that stated:
>
> - IMAGINE HAVING A JOB U LUV! CREATIVES DO SO CAN U. REPLY WITH "Y" TO LEARN MORE ABOUT THE ACADEMY. BY CEC. STD/OTHER CHARGES MAY APPLY. STOP 2 END.
>
> - IMAGINE A JOB WHERE U CAN USE UR IMAGINATION AND GET PAID 4 IT! REPLY Y TO HEAR HOW U CAN BEGIN 2 EARN UR DEGREE TODAY! BY CEC. STD OTH CHGS APPLY. STOP 2 END

3.  In connection with class certification for settlement purposes only, the Court makes the following findings pursuant to Federal Rule of Civil Procedure 23: (a) the Settlement Class consisting of 99,997 persons is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Sergio Rojas and Sheila Fahey are typical of those of the claims of the proposed Settlement Class; (d) Rojas and Fahey are capable of fairly and adequately protecting the interests of the proposed Settlement Class in connection with the Settlement Agreement; (e) for purposes of determining

whether the Settlement Agreement is fair, adequate and reasonable, common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) for purposes of settlement, a class action settlement with the proposed class definition is superior to other available methods for fairly and efficiently adjudicating and resolving this action.

4. In making the findings set forth in Paragraph 3 above, the Court finds that the Settlement Class warrants certification for settlement purposes, and that Plaintiff Sergio Rojas and Sheila Fahey shall be designated as Class Representatives.

5. For purposes of settlement only, the Court appoints Myles McGuire, Jay Edelson, and Ryan D. Andrews of Edelson McGuire LLC as Class Counsel for the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel.

**Final Approval Hearing**

6. The Final Approval Hearing, shall be held before this Court on **October 23, 2012,** at **9:00 a.m.** at the United States Courthouse, 219 South Dearborn Street, Courtroom 2319, Chicago, Illinois, to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be given final approval, and whether a Final Judgment and order of dismissal with prejudice should be entered in this action based upon the Settlement Agreement.

7. At the Final Approval Hearing, the Court shall also determine the amount of attorneys' fees and reimbursement of expenses to Class Counsel and whether to approve the payment of the incentive awards to the Class Representatives. Papers in support of the requested attorneys' fees and incentive award shall be filed with the Court at least twenty-one days (21) prior to the Objection/Exclusion Deadline set forth in paragraphs 17 and 21 below. Pursuant to Settlement Agreement paragraphs 8.1 and 8.2, Defendant may file any opposition to the request

for attorney's fees. Said opposition shall be filed no later than the Objection/Exclusion Deadline or as otherwise agreed to by the parties or ordered by the Court. The Court may adjourn, postpone, or continue the Final Approval Hearing without further notice to members of the Settlement Class.

8. Papers in support of final approval of the Settlement Agreement, the incentive award, and any supplementation to the request for the Fee Award, shall be filed with the Court on or before **October 9, 2012** [*suggested date 2 weeks before Final Approval hearing.*]

**Notice and Administration**

9. The Court approves the request for the appointment of Garden City Group, Inc., as Settlement Administrator.

10. The Court approves, as to form, content and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan developed by the Settlement Administrator and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B, C, and D thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the nature of this Action, the terms of the Settlement Agreement along with the effect of the judgment, the right to object to the settlement, to appear through an attorney if desired, and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that

specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

11. The Settlement Administrator shall send Notice substantially in the form attached as Exhibit B to the Settlement Agreement, and an accompanying Claim Form substantially in the form attached as Exhibit A with information concerning an electronic link to said Claim Form to each address by First Class U.S. Mail and by email to each email address obtained from the Class Member's wireless carrier or from a commercially reasonable reverse cell phone number look-up service no later than forty-five (45) days after the entry of this Order.

12. Within forty-five (45) days of entry of this Order, the Settlement Administrator shall cause a one-half-page summary notice to be published one time in *People Magazine*. The text of such Notice shall be substantially the same as is provided in Exhibit C to the Settlement Agreement.

13. Within ten (10) days of the entry of this Order, Notice shall be provided on a website administered by the Settlement Administrator, mutually agreed upon by the Parties, which shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of the perjury laws and contain a statement to that effect. The Notice on the Website shall be substantially in the form of Exhibit D to the Settlement Agreement.

14. Within fourteen (14) days of the entry of this Order, the Settlement Administrator shall distribute a press release prepared by Class Counsel in accordance with Paragraph (d) of Section 4.2 of the Settlement Agreement.

15. The Settlement Administrator shall expend an amount not to exceed fifty thousand dollars ($50,000) on promoting the website notice by placing targeted on-line banner advertisements designed to reach the Settlement Class on the *24/7 Network*, *Univision*, and *Facebook*.

16. Members of the Settlement Class who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator within forty-five (45) days after the Final Approval Hearing.

**Exclusion**

17. Persons that are otherwise Settlement Class Members who wish to exclude themselves from or opt-out of the Settlement Class may do so if, on or before the Objection/Exclusion Deadline of **September 25, 2012** *[suggested date is 90 days after entry of Preliminary Approval Order]*, they submit a written request signed by the potential Settlement Class Member that includes the Person's name, address, cellular telephone number that received the Text Message, and a statement that he/she wants to be excluded from the Settlement Class. A request to be excluded that does not include all of the information required by the Notice and paragraph 4.5 of the Settlement Agreement, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified shall be invalid and the persons or entities serving such a request shall be members of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

18. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement

Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

19. The request for exclusion must be personally signed by the Person requesting exclusion. So called "mass" or "class" opt-outs shall not be allowed.

**Objections**

20. Any Settlement Class Member who has not timely opted out of the Settlement Class, may object to: (a) the fairness, reasonableness, or adequacy of the Settlement Agreement and any of its terms; (b) a judgment being entered dismissing the action with prejudice in accordance with the terms of the Settlement Agreement; (c) the attorneys' fees and expense reimbursement sought by Class Counsel; or (d) the incentive award to the Class Representatives and Potential Plaintiffs. Settlement Class Members may object on their own, or may do so through separate counsel at their own expense.

21. To object, a Settlement Class Member must sign and file a written objection with this Court on or before the Objection/Exclusion Deadline of **September 25, 2012** *[suggested date is 90 days after entry of Preliminary Approval Order]*. Absent good cause shown, any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system. To be valid, the objection must include the Class Member's name, address, the cellular phone number that received the Text Message, and include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), a statement that he or she is a member of the Settlement Class and whether the objector intends to appear at the Final Approval Hearing with or without counsel. To be valid, the objection must also be sent to Myles McGuire, Edelson McGuire LLC, 350 North LaSalle, Suite 1300, Chicago, Illinois 60654 and Christopher B. Wilson, Perkins Coie LLC, 131 S. Dearborn Street, Suite

7

1700, Chicago, Illinois 60603-5559 on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

22. Any member of the Settlement Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Settlement Agreement and the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his, her or its objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**Further Matters**

23. Defendant shall comply with, and file proof of compliance with, the notice requirements of the CAFA, in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than seven (7) days prior to the date of the Final Approval Hearing. The Settlement Administrator is authorized to send out notices required by CAFA. Any costs incurred in sending these CAFA notices shall be considered Settlement Administration Expenses and shall be paid from the Settlement Fund.

24. All further proceedings in the action are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25. Settlement Class Members shall be bound by all determinations and judgments in this action concerning the action and/or Settlement Agreement, whether favorable or unfavorable.

26. In the event the Settlement Agreement is not approved by the Court in complete accordance with its terms, or for any reason the parties fail to obtain Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

27. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; and (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose.

It is so ordered, this 26th day of June, 2012.

Enter:

*[signature: Virginia M. Kendall]*

Honorable Virginia M. Kendall
United States District Court Judge