IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SERGIO ROJAS, individually and on behalf of a class of similarly situated individuals,<br><br>                       *Plaintiff,*<br><br>    v.<br><br>CAREER EDUCATION CORPORATION, a Delaware Corporation.<br><br>                       *Defendant.* | No. 10-cv-05260<br><br>Judge: Virginia M. Kendall |

## **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming to be heard on Plaintiff's Uncontested Motion & Memorandum in Support of Final Approval of Class Action Settlement, due and adequate notice having been given to the Settlement Class, and the Court having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement ("Settlement Agreement.")

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members.

3. On June 26, 2012, this Court granted preliminarily approval of the Settlement Agreement and certified the Settlement Class consisting of:

> All Persons Nationwide who on August 27, 2008, were sent one of the text messages from short code "21021" that stated:
>
> - IMAGINE HAVING A JOB U LUV! CREATIVES DO SO CAN U. REPLY WITH "Y" TO LEARN MORE ABOUT THE ACADEMY. BY CEC. STD / OTHER CHARGES MAY APPLY. STOP 2 END
>
> - IMAGINE A JOB WHERE U CAN USE UR IMAGINATION AND GET PAID 4 IT! REPLY Y TO HEAR HOW U CAN BEGIN 2 EARN UR DEGREE TODAY! BY CEC. STD OTH CHGS APPLY. STOP 2 END

1

(Dkt. 55, ¶ 2.) Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice sent to Settlement Class Members. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

4. This Court now gives final approval to the settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

5. The Court approved Notice to the Settlement Class, as set forth in the Preliminary Approval Order on June 26, 2012, was the best notice practicable under the circumstances, including individual notice via U.S. Mail and by email to the class members whose addresses were obtained from each Class Member's wireless carrier or from a commercially reasonable reverse cell phone number look-up service, nationwide magazine publication, website publication, targeted on-line advertising, and a press release. The Notice has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

6. The Court finds that the Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

8. Upon the Effective Date of this settlement, the Plaintiff and each and every Settlement Class Member who did not opt out of the Settlement Class (whether or not such members submit claims) and to the extent the Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released Defendant Career Education Corporation and any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms,

3

trusts, corporations, officers, directors, other individuals or entities in which the Defendant has a controlling interest or which is affiliated with it, or any other representatives of any of these Persons and entities, from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims" as defined in the Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the alleged sending of the Text Messages to the Settlement Class or that were or could have been alleged or asserted in the Action or Related Action relating to such Text Messages.

9. Upon the Effective Date the above release of Claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, Releasing Parties, and their heirs, executors and administrators, successors and assigns. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on or arising out of the sending or receipt of the Text Messages.

10. The Court approves the Fee Award to Class Counsel from the Settlement Fund in the amount of $3,500,000, which the Court has previously found to be fair and reasonable. (Dkt. 62.) The Fee Award shall be paid pursuant to and in the manner provided by the terms of the Settlement Agreement.

11. The Court approves the payment by Defendant from the Settlement Fund of $30,000 to Class Representatives Sergio Rojas and Sheila Fahey as well as potential plaintiffs Lashaye Kimbrough, Joseph Ramirez and Kathleen McLaughlin as an incentive award for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. (Dkt. 62.) Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

12. All payments made to Settlement Class Members pursuant to the Agreement that are not cashed within ninety (90) days of issuance shall be directed to Coordinated Advice & Referral Program for Legal Services ("CARPLS"), which the Court approves as an appropriate *cy pres* recipient. Defendant shall not be liable for the payment any amounts other than identified herein or in the Agreement.

13. The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

14. Pursuant to the Settlement Agreement, Career Education Corporation is for a period of two (2) years from the Effective Date, hereby enjoined as follows:

(i) to the extent Career Education Corporation seeks to send commercial text messages advertising the purchase or sale of goods or services, it, as well as its employees, managers, and affiliated entities, is prohibited from advertising any of Career

Education Corporation's products or services by using or cooperating with others to use any automatic telephone dialing system as defined by the TCPA to send SMS messages to cellular phones unless each message recipient has given prior express written consent to receive such messages; and

(ii) to the extent Career Education Corporation, either itself or through agreement with any other Person, utilizes text message advertising of any kind, it shall obtain (or it shall require any Person who collects consumer cell phone numbers to obtain) documented proof of all prior express consent of consumers to receive text-message advertising is maintained for a period of four (4) years after said consent is obtained.

(iii) Notwithstanding the above, nothing in the injunction shall prohibit Defendant from sending informational text messages to its current students or text messages in the event of an emergency, or any other type of message expressly permitted by the TCPA, the FCC Rules and/or any agreement between the students and Career Education Corporation.

15. This Court hereby directs the entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

16. This Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

6

17.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, *inter alia*, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

It is so ordered, this ___25___ day of October 2012.

Enter:

_____
Honorable Virginia M. Kendall
United States District Court Judge

# APPENDIX 1:

<u>NAME, CITY, STATE</u>

1. MICHAEL BROCK, SAN ANTONIO, TX

2. JOHN CAPONI, CHICAGO, IL

3. EDWARD GANN, ASHLAND CITY, TN

4. GYRUS MEDICAL INC., MAPLE GROVE, MN

5. LIDDIE L BESTER, DETROIT, MI

6. LU NELL GARZA, SAN ANTONIO, TX

7. MEGAN O'MALLEY, CHICAGO, IL

8. THUY PHAM, CHICAGO, IL

9. RUTH RICHARDS, LAS VEGAS, NV

10. SAGAR TEOTIA, WILMETTE, IL

11. RUBY TRAVIS, SAN ANTONIO, TX

12. DARRELL TURNEY, WOODBURY, TN

13. GAIL WEST, SAN ANTONIO, TX

14. GARREL NOEL, LYTLE, TX